```
                   IN THE UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF PENNSYLVANIA


TERRANCE D. BUTLER,            )
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
COMMONWEALTH OF PENNSYLVANIA,  )   Civil Action No. 04-175
Department of Corrections;     )   Judge Arthur J. Schwab
JOSEPH F. DESUTA, Super.;      )   Magistrate Judge Amy Reynolds Hay
MELISSA PETERS, Health Care    )
Administrator; DR. MORGAN,     )
Health Care Director,          )
                               )   RE:  Docs. 18 & 20
          Defendants.          )
```

## REPORT AND RECOMMENDATION

RECOMMENDATION

It is respectfully recommended that the Motion for Summary Judgment filed by Defendants Commonwealth of Pennsylvania, Desuta and Peters (doc. no. 20) be granted in part and that the sole federal claim against them be dismissed for failure to exhaust available administrative remedies. It is further recommended that summary judgment be entered in favor of Defendant Morgan on the federal claim against him for the same reason and that Defendant Morgan's Motion for Summary Judgment (doc. no. 18) be dismissed as moot. It is further recommended that as concerns the state law claim of negligence contained in the Complaint, the Court should abstain from exercising its supplemental jurisdiction and remand the state law claim to the Court of Common Pleas of Mercer County.

REPORT

Terrance D. Butler (Plaintiff) has sued various defendants who were responsible for treating and/or providing medications to him while he was a prisoner in the State Regional Correctional Facility at Mercer (SCI-Mercer).  He initially filed his complaint in the Court of Common Pleas of Mercer County against the following Defendants:  Commonwealth of Pennsylvania, Department of Corrections (DOC); Joseph F. Desuta, Superintendent; Melissa Peters, Health Care Administrator; and Dr. Morgan, the treating physician.  The Complaint contains a negligence claim concerning his medical treatment and the allegedly unsafe condition of a stairway at SCI-Mercer where Plaintiff fell and suffered a broken hip.  The Complaint also contains a constitutional claim of deliberate indifference in violation of the Eighth Amendment.  Defendant Morgan removed the action to federal court.  Presently before the Court for disposition are the motions for summary judgment filed by the Defendants.

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. Rule Civ. Proc. 56(c).  Summary judgment may be

granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (party can move for summary judgment by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case.").

The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. Once that burden has been met, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial,'" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(quoting Fed.R.Civ.P. 56(e)). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

The Commonwealth of Pennsylvania, Joseph F. Desuta and Melissa Peters (Commonwealth Defendants) seek summary judgment against the Plaintiff on the basis of his alleged failure to have exhausted his available administrative remedies as required by the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). In this regard, through the PLRA, Congress

amended 42 U.S.C. § 1997e(a)[1] to prohibit prisoners from bringing an action with respect to prison conditions pursuant to 42 U.S.C. § 1983 or any other federal law, until such administrative remedies as are available are exhausted.

The United States Court of Appeals for the Third Circuit analyzed the applicability of the exhaustion requirement in 42 U.S.C. § 1997e(a) in Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) (Bivens action brought by a federal inmate) and Booth v. Churner, 206 F.3d 289 (3d Cir. 2000), aff'd, 532 U.S. 731 (2001) (civil rights action brought by a state prisoner).  In each of these cases, the Court of Appeals announced a bright line rule that inmate-plaintiffs must exhaust all available administrative remedies before they can file an action in federal court concerning prison conditions.  In so holding, the Circuit specifically rejected the notion that there is ever a futility exception to section 1997e(a)'s mandatory exhaustion requirement. Booth, 206 F.3d at 300; Nyhuis, 204 F.3d at 66.

---

[1] Specifically, this section provides as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The available administrative remedies for Pennsylvania inmates are codified in the Pennsylvania Department of Corrections Policy Statement No. DC-ADM 804-1, entitled "Consolidated Inmate Grievance Review System." See, e.g. Mitchell v. Horn, 318 F.3d 523 (2003) (discussing DOC Grievance System).[2] The purpose of the grievance system is to ensure that "every individual committed to [DOC] custody shall have access to a formal procedure through which the resolution of problems or other issues of concern arising during the course of confinement may be sought. For every such issue, there shall be a forum for review and two avenues of appeal. The formal procedure shall be known as the Inmate Grievance System." DC-ADM 804 ¶ V. The DOC grievance system applies to all state correctional institutions and provides three levels of review: (1) initial review by the facility grievance coordinator; (2) appeal of initial review to the superintendent or regional director; and (3) final appeal to the chief hearing examiner. DC-ADM 804 ¶ VI.

Inmate grievances must be in writing and in the format provided on the forms supplied by the institution. DC-ADM 804 ¶ (VI)(A)(1)(f). An initial grievance must be submitted by the inmate to the Facility Grievance Coordinator within fifteen (15)

---

[2] See also 37 Pa. Code § 93.9(a) (1999) (establishing requirement for DOC to establish an inmate grievance system) DOC policies, including the grievance system policy may be accessed on the worldwide web at http://www.cor.state.pa.us/ standards/lib/standards/ DC-ADM_804_Inmate_Grievances.pdf.

working days after the event upon which the claim is based. DC-ADM 804 ¶ (VI)(A)(1)(h). The Facility Grievance Coordinator must assign a grievance tracking number to all grievances (even rejected grievances) upon receipt and enter all grievances into the Automated Inmate Grievance Tracking System. DC-ADM 804 ¶ (VI)(B)(1)(a). If the Facility Grievance Coordinator determines that the issue being grieved is in accordance with DC-ADM 804, he or she will designate a staff member to serve as the Grievance Officer for that issue. DC-ADM 804 ¶ (VI)(B)(1)(e). The Grievance Officer must provide a written response to the inmate within ten working days, including a brief rationale summarizing the conclusions and any action taken or recommended to resolve the issues raised in the grievance. DC-ADM 804 ¶ (VI)(B)(1)(h).

An inmate may appeal an Initial Review decision, or grievance restriction, to the Facility Manager in writing, within five working days from the date of receipt by the inmate of the Initial Review decision. DC-ADM 804 ¶ (VI)(C)(1)(b). The Facility Manager must notify the inmate of his/her decision within fifteen working days of receiving the appeal; the decision may consist of upholding the decision, modification, reversal, remand, or reassignment for further fact-finding. DC-ADM 804 ¶ (VI)(C)(2)(c). An inmate who is dissatisfied with the disposition of an appeal from the Facility Manager may submit an appeal to the Secretary's Office of Inmate Grievances and Appeals

within five working days of receiving the decision.  DC-ADM 804 ¶ (VI)(D)(1)(b).  The Secretary's Office must respond to all appeals within 30 working days and ensure that all appeals and responses are properly maintained in the Automated Inmate Grievance Tracking System.  DC-ADM 804 ¶ (VI)(D)(2)(a).

The Plaintiff's Complaint concerns an incident that occurred on January 28, 2003 at SCI-Mercer when he lost his footing on slippery stairs when making his way to the dining hall.  On January 29, 2003, Plaintiff awoke suffering severe pain in his right hip and immediately signed up for medical care.  Plaintiff initially was treated for a sprain until February 6, 2003 when an x-ray revealed a fractured hip.  On March 12, 2003, Plaintiff underwent an M.R.I. at an outside hospital, which revealed deterioration of his hip.  On July 7, 2003, Plaintiff had a total hip replacement.

The record evidence in this action shows that the only grievance filed by Plaintiff is Grievance No. MER-65313-03 dated 10/16/03, which provides as follows.

> Failure to properly maintain steps leading to Prison Dining Hall has caused me serious "Permanent Personal Injury."  (See attached Request dated 10/13/03, to you Super. Desuta)
>
> Also, see Response dated 10/15/03 by Deputy Stowitzky. "Both legally State and Federal Laws - I'm considered Permanently Disabled."  See Mercer Prison Medical Records of surgery for total Hip Replacement) Date 7-7-03.  Any failure to use ordinary care (knowingly) is gross Negligence when there is clear risk of serious harm, (Note: Prison Dining hall steps were properly

>    repaired during week of Oct. 2003 – So it is clear that
>    any earlier disregard of proper maintenance of said
>    steps in which you had a Legal Duty of Proper "Due
>    Care" was proximate cause of my Serious Personal
>    Injury, which my Quality of Life is forever Destroyed!
>    As Stated in Request, I have a Legitimate Right For
>    Compensation for my Personal Injury while in your
>    Custody and care.  Please inform me who and/or what
>    insurance agency to Contact.

Doc. 20 at Ex. B, p. 1.

By notice dated October 22, 2003, F. Ruffo, Facility Grievance Coordinator, sent the Plaintiff a Grievance Rejection Form, in which a line was checked indicating that his Grievance was rejected because he did not file it within the fifteen-day period provided for in DC-ADM 804 ¶ (VI)(A)(1)(h).  Doc. 20 at Ex. B, p. 3.  Plaintiff did not seek any further review.

Plaintiff's federal claim against all Defendants should be granted for several reasons.  First, none of the Defendants is named in the Plaintiff's grievance.  Thus, Plaintiff did not exhaust his administrative remedies as to these individuals.  See Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004) (holding that a Pennsylvania inmate's failure to properly identify a defendant constituted a failure to properly exhaust his administrative remedies under the PLRA as to that defendant).  Accord Williams v. Pennsylvania, Department of Corrections, 2005 WL 1950801, *3 (3d Cir. Aug. 16, 2005) (holding that the prisoner's failure to identify 3 specific defendants in either of his two grievances means that he failed to exhaust his administrative remedies in

accordance with Pennsylvania's grievance process and the PLRA). Second, Plaintiff did not seek review of his grievance through the second and third levels of review provided for under DOC policy.

"[I]t is beyond the power of this court--or any other--to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, 204 F.3d at 73 (quotation omitted).  Plaintiff's failure to comply with the requirements of DOC's grievance policy, as set forth in DC ADM 804, results in procedural default, thereby precluding an action in federal court.  See Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004).  Accordingly, the Commonwealth Defendants' pending motion for summary judgment should be granted as to Plaintiff's federal claim.

As well, summary judgment should be entered in favor of Defendant Morgan for the same reason.[3]  Plaintiff did not file

---

[3] Although Defendant Morgan did not seek summary judgment based upon Plaintiff's failure to exhaust his administrative remedies, a district court has the inherent authority to grant summary judgment sua sponte so long as the party opposing summary judgment has notice and an opportunity to be heard concerning the proposed basis for the sua sponte grant of summary judgment.  See Otis Elevator Company v. George Washington Hotel Corporation, 27 F.3d 903, 910 (3d Cir. 1994)("a district court may not grant summary judgment sua sponte unless the court gives notice and an opportunity to oppose summary judgment"); Celotex, 477 U.S. at 326 ("Our conclusion is bolstered by the fact that district courts are widely acknowledged to possess the power to enter summary judgment sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence.").  In this case, the Commonwealth Defendants raised failure to exhaust as a basis for summary judgment and Plaintiff had the opportunity to oppose the basis of their motion.  We note here that

any grievance concerning his medical claims and, therefore, he has failed to exhaust his administrative remedies on his deliberate indifference claim against Dr. Morgan.

Because this Court recommends dismissal of the federal claim contained in the Complaint as against all Defendants, the District Court should decline to entertain the state law claims under its supplemental jurisdiction and instead should remand the case to the Court of Common Pleas of Mercer County. See, e.g., Bonenberger v. Plymouth Township, 132 F.3d 20, 23 n.1 (3d Cir. 1997)("where federal claims are dismissed before trial, the district court 'must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'") (quoting Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995)). Here, the appropriate considerations do not provide an affirmative justification for retaining supplemental jurisdiction and deciding matters of state law, especially given the preliminary stage of the proceedings. In fact, considerations weigh in favor of Plaintiff pursuing his state law claim in a state court, which is in a better position to adjudicate matters of state law. See, e.g., Kennedy v. United

---

Plaintiff was twice ordered to file a response to the motions for summary judgment and declined to do so. See Doc. nos. 22 & 23. While the Court would ordinarily interpret Plaintiff's failure to respond as a concession that the motions are properly granted, in the interest of justice the Court has nevertheless addressed the claim on its merits.

10

States, 643 F.Supp. 1072, 1084 (E.D.N.Y. 1986) ("Plaintiffs' claims of negligence, nuisance, and trespass, and violations of the New York State Constitution and a specific provision of the New York Environmental Conservation Law are causes of action the resolution of which is far better placed in the hands of the New York State courts than in a federal court."); see also Balazik v. County of Dauphin, 44 F.3d 209, 216-217 (3d Cir. 1995) (it is proper to remand a removed case to state court where district court dismisses federal claims and only state law claims remain).

CONCLUSION

   It is respectfully recommended that the Motion for Summary Judgment filed by Defendants Commonwealth of Pennsylvania, Desuta and Peters (doc. no. 20) be granted in part and that the sole federal claim against them be dismissed for failure to exhaust available administrative remedies.  It is further recommended that summary judgment be entered in favor of Defendant Morgan on the federal claim against him for the same reason and that Defendant Morgan's Motion for Summary Judgment (doc. no. 18) be dismissed as moot.  It is further recommended that as concerns the state law claim of negligence contained in the Complaint, the Court should abstain from exercising its supplemental jurisdiction and remand the state law claim to the Court of Common Pleas of Mercer County.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                                    Respectfully submitted,

                                                    /s/   Amy Reynolds Hay
                                                    AMY REYNOLDS HAY
                                                    United States Magistrate Judge

Dated:   5 December, 2005


cc: The Honorable Arthur J. Schwab
    United States District Judge

    Terrance D. Butler
    AF-8151
    SRCF Mercer
    801 Butler Pike
    Mercer, PA 16137

    William A. Dopierala
    Senior Deputy Attorney General
    Office of the Attorney General
    4801 Atlantic Avenue
    Erie, PA 16506

    Marshall J. Tindall, Esquire
    Tindall & Bello
    Three Gateway Center, 15 West
    Pittsburgh, PA 15222